UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DONALD RAY MAGREE, JR.**                                      CIVIL ACTION

**VERSUS**                                                                       NO. 25-1463

**WARDEN TRAVIS DAY, ET AL.**                          SECTION "I"(1)

## ORDER AND REASONS

*Pro se* plaintiff, Donald Ray Magee, Jr., is a state inmate currently incarcerated at the Rayburn Parish Correctional Center in Angie, Louisiana. He filed the above-captioned 42 U.S.C. § 1983 complaint against the defendants Warden Day, Warden Wheat, Warden Bickham, Warden Luper, Warden Brooks, Dr. Martiz, Cadet Gonzales and Major Dillon. Magee appears to claim that defendants stole his 2022 stimulus check and have retaliated against him for filing previous lawsuits. He further claims that his medical treatment was delayed in 2022 and that defendant Gonzalez kicked him when he was sleeping in June 2024. Magee requests that he be allowed to proceed in this matter as a pauper pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Magee, a frequent litigant in federal court, has filed numerous civil actions while incarcerated. The Court's records establish that at least three of his prior § 1983 complaints were dismissed as frivolous, malicious, and/or for failure to state a claim. These dismissals include the following: Magee v. Dist. Atty.'s Office Washington Parish, No. 16-0289"B"(5) (E.D. La. Mar.

28, 2016) (frivolous); Magee v. Orleans Parish Civ. Dist. Ct., No. 16-14697"H"(1) (E.D. La. Mar. 8, 2017) (frivolous and/or failure to state a claim); Magee v. Crain, No. 19-13146"D"(5) (E.D. La. May 18, 2020) (frivolous and/or failure to state a claim). He has therefore accumulated three "strikes" under the PLRA.

Because of this, Magee cannot proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g). To meet the imminent danger requirement, the threat must be "real and proximate" and based on fact, not conjecture. See Newman v. Harris, 770 F. App'x 216 (5th Cir. 2019); Valdez v. Bush, No. 08-148, 2008 WL 4710808,*1 (N.D. Tex. Oct. 24, 2009) (quoting Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)). Allegations of past harm do not suffice. Instead, the harm must be imminent or occurring at the time that the complaint is filed. Cloud v. Stotts, 455 F. App'x 534, 534 (5th Cir. 2011). The exception in the statute refers to "a genuine emergency" in which "time is pressing." See Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.' "); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis... ."). The Court finds that Magee's complaint fails to demonstrate that he is in imminent danger of serious physical injury. Consequently, Magee is not entitled to proceed *in forma pauperis* pursuant to the provisions of the Prison Litigation Reform Act.

Accordingly, **IT IS ORDERED** that plaintiff's motion to proceed *in forma pauperis,* Rec.

Doc. 2 is **DENIED**.

    New Orleans, Louisiana, this  21st  day of July, 2025.

                                                                    _____
                                                                     **JANIS VAN MEERVELD**
                                                                     **UNITED STATES MAGISTRATE JUDGE**